UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY W.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02098-SEB-DML |
| | ) |
| KILOLO KIJAKAZI Acting Commissioner of Social Security Administration, | ) ) |
| | ) |
| Defendant. | ) |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO
THE MAGISTRATE JUDGE'S REPORT AND RECCOMENDATION**

Plaintiff Terry W. petitioned the court for judicial review of the Commissioner of the Social Security Administration's final decision finding him not disabled based on the information set forth in his application filed in August of 2019. The case was referred to Magistrate Judge Lynch for her consideration. On July 14, 2022, Magistrate Judge Lynch issued a Report and Recommendation that the Commissioner's decision be upheld because it was supported by substantial evidence and was otherwise in accord with the law. Terry timely objected to the Magistrate Judge's Report and Recommendation, which we now consider.

---

[1] To protect the privacy interests of claimants for Social Security benefits, the Southern District of Indiana has chosen to use only the first name and last initial of non-governmental parties in its Social Security review opinions. The Plaintiff will therefore be referred to by his first name.

I.      STANDARDS OF REVIEW

In our review of the decision of the Administrative Law Judge ("ALJ"), we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Under this deferential standard of review, we must affirm if no error of law occurred and the ALJ's factual findings are supported by substantial evidence. "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). The standard demands more than a scintilla of evidentiary support, but it does not demand a preponderance of the evidence. *Wood v. Thompson*, 246 F.3d 1026, 1029 (7th Cir. 2001). When accepting or rejecting specific evidence of a disability, the ALJ is required to articulate a minimal, but legitimate, justification. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in his decision, but he cannot ignore a line of evidence that undermines the conclusions he made, and he must trace the path of their reasoning and connect the evidence to his findings and conclusions. *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012*); Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

In our review of a party's specific objections to elements of a Magistrate Judge's Report and Recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported

2

by substantial evidence or was the result of an error of law. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). *De novo* review requires a re-examination of the case with a fresh set of eyes and "an independent judgment of the issues." *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1210 (7th Cir. 1984). After review, the court is empowered to adopt, reject, or modify the recommendations and/or findings by the Magistrate Judge. Fed. R. Civ. P. 72(b). The objections before us have been properly and timely interposed.

## II. DISCUSSION AND DECISION[2]

Terry filed for disability insurance benefits on August 21, 2019, alleging that he had been disabled since June of 2013. At the time of his application, Terry was thirty-five and had no relevant work experience. At step two of the sequential evaluation process for proving disability, the ALJ determined that Terry's severe impairments included: history of right ankle fracture (status post reconstructive surgery with hardware), history of left wrist fracture (status post-surgery with three pins), asthma, hypertension, and obesity. For Terry's residual functional capacity ("RFC"), the ALJ determined that Terry was capable of light work "except that he requires an unskilled entry level job involving simple routine tasks that can be learned on the job within 30 days or less." Docket No. 16, at 10.[3]

---

[2] The relevant evidence of record is amply set forth in the parties' briefs as well as the ALJ's decision and need not be repeated here. Specific facts relevant to the Court's disposition of this case are discussed below.

[3] The RFC also included the following: "[Terry] can stand and/or walk (with normal breaks) for four hours in an eight-hour workday, but can do so for only 15 minutes at one time before needing to sit for two minutes before resuming standing and/or walking while remaining on task; can sit (with normal breaks) for six hours in an eight-hour workday, but can do so for only 30 minutes at one time before needing to stand and/or walk for two minutes before resuming sitting while remaining on task." Docket No. 16, at 10. "Furthermore, the RFC provides that Terry can occasionally climb stairs with handrails, balance, stoop, crouch, kneel, and crawl." *Id.*

Based on Terry's RFC, the testimony of a vocational expert, and Terry's vocational factors, the ALJ ultimately determined at step five of the sequential analysis that there were jobs that exist in significant numbers in the national economy that Terry could perform, including packer, sorter, and assembler. In this appeal, Terry argues first the ALJ erred in assessing his symptoms because he "merely summarized the medical record and provided minimal and erroneous reasoning to discredit Terry's statements." *Id.* at 10−11. Second, Terry argues, "the ALJ did not provide a function-by-function assessment of the RFC because he failed to account for Terry's need to soak and elevate his leg, failed to provide sufficient evidentiary support for the sit-stand option, and ignored evidence of headaches in the medical record." *Id.* at 11.

In Magistrate Judge Lynch's Report and Recommendation, she addressed Terry's arguments, first concluding that the ALJ's assessment of Terry's subjective symptoms was not "patently wrong," and thus, is entitled to substantial deference from the court. *Id.* at 12 (quoting *Engstrand v. Colvin*, 788 F.3d 655, 660 (7th Cir. 2015)). Magistrate Judge Lynch noted the ALJ's decision that Terry's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Terry's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 12−13. "Even a cursory review of the record evidence indicates that the ALJ's analysis here was justified;" for example, Terry reported that "he uses a cane all the time to walk, which was prescribed by his doctor in 2013 for walking and balancing," but the ALJ found that the medical record does not indicate any prescription for cane or any

4

significant issues with balance and Terry's exams consistently reveal full strength and note that he was walking without an assistive device. Magistrate Judge Lynch was not persuaded by Terry's arguments on this issue; indeed, the ALJ provided specific explanations as to how the medical record did not support Terry's descriptions of his symptoms.

Next, Magistrate Judge Lynch rejected Terry's claim that the ALJ did not account for his need to elevate and soak his leg in a bathtub multiple times per day. The "decision *does* mention Terry's statements that he needs to elevate and soak his leg," but "makes clear that the ALJ rejected Terry's claim of frequent ankle swelling, noting that there is limited medical evidence in the record to support such a claim." *Id.* at 16. "A major problem with Terry's argument here is that he has provided no opinion from any doctor or medical provider indicating that he requires greater limitations than what the ALJ found." *Id.*; *see Dudley v. Berryhill*, 773 F. App'x. 838, 843 (7th Cir. 2019) ("When no doctor's opinion indicates greater limitations than those found by the ALJ, there is no error."). Terry's claim that the ALJ erred in this respect was not persuasive, as Terry pointed to only one note from a nurse practitioner indicating that Terry was informed of RICE for ankle pain, i.e. Rest, Ice, Compression, and Elevation, but this nurse practitioner "did not instruct Terry to utilize RICE, did not indicate that it was medically necessary, and certainly did not opine that soaking was necessary several times per day." Docket No. 16, at 16. It was also "not clear that Terry could not utilize a less drastic option to reduce his alleged swelling, such as an icepack." *Id.* Notably, at Terry's appointment with this nurse

5

practitioner a few months later, he reported that Terry "did not follow previous plan of care." *Id.*

Next, the Magistrate Judge concluded the sit-stand option in the RFC is supported by the evidence. Terry contends that the ALJ erred here because he did not consider several comments Terry made to medical providers as well as the ALJ during his hearing, including that he needs help getting up from chairs, can only stand for about an hour at a time before his foot gets swollen, often has to remove his shoe and sit down because of swelling, experiences locking up in his leg when sitting for about 30 minutes, tries to stay away from stairs, and can walk for twenty to thirty minutes before his leg starts to hurt and swell. "But Terry does not cite any record evidence supporting the assertion that he needs help getting up from chairs." *Id.* at 17. "Rather, what the record shows is that Terry was able to get on and off an examination table without assistance." *Id.* Terry also said that he avoids stairs, but again, he does not support this statement with any record evidence suggesting that this is a medically required limitation. The RFC requires him only to occasionally climb stairs—and only when the stairs have handrails. "The rest of Terry's remarks are consistent with the RFC—in fact, the RFC goes beyond Terry's asserted limitations in several respects." *Id.* Terry claims that he can only stand for one hour at a time before the swelling becomes too severe; the RFC requires him only to stand for 15 minutes at one time. *Id.* "Terry claims that his leg will start to lock up sometimes after sitting for about half an hour; the RFC only requires him to sit for 30 minutes before being able to stand and/or walk." *Id.* "Terry claims that he can only walk for 20 to 30 minutes; again, the RFC only requires him to stand and/or walk for 15

6

minutes at a time." *Id.* "The court does not see how the RFC fails to account for Terry's alleged needs—especially when the RFC adopts even more restrictive limitations." *Id.*

Lastly, the Magistrate Judge concluded the ALJ did not err in the RFC by failing to account for Terry's headaches. Terry relied on three documents in the record to support his claim that he suffered from headaches. The first document merely provides that "[Terry] does complain of headaches," the second document indicates that Terry reported having "pain behind eyes 2-3 days/week; taking Aleve with some relief," and the third document shows that Terry had a CT scan of his head that found "[n]o evidence of acute intracranial abnormalities." *Id.* at 21. Thus, "Terry's claim that he suffers from headaches is not supported by the record; the court cannot consider these documents as anything more than evidence of subjective complaints of headaches, which SSR §416.921 states is not enough to establish the existence of an impairment." *Id.* "What is more, the record evidence shows that Terry was assessed with no headaches on November 16, 2019 . . . approximately one week after it was noted that Terry had pain behind his eyes, a little over one year after it was noted that Terry complained of headaches, and over seven years after his CT scan." *Id.* "Therefore, in addition to the fact that there is very little record evidence even mentioning headaches, the documents cited by Terry are contradicted by more recent evidence suggesting that he does not suffer from headaches." *Id.* Terry also never mentioned any headaches at his hearing before the ALJ.

Terry objects to the Magistrate Judge's conclusion that the ALJ had adequate reasons for discounting Terry's subjective allegations. Specifically, Terry argues that the Magistrate Judge: (1) erroneously relied only on the medical record, (2) "picked apart the

7

notations in the record regarding Terry's lack of follow-up treatment," (3) erroneously discredited Terry's argument about his need to soak his leg because his doctors did not issue serious work restrictions, and (4) impermissibly discredited Terry's complaints of headaches because headaches are subjective in nature and it was the ALJ's job to mention the headaches at the hearing. We address each of these objections in turn below.

Terry's objections, in essence simply ask us to reweigh the evidence and reach a different conclusion than that reached by the ALJ. However, it is beyond the court's authority to do so on judicial review. *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999) ("Because the Commissioner is responsible for weighing the evidence, resolving conflicts, and making independent findings of fact …, this Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner to decide whether a claimant is or is not disabled.") (citations omitted). The crux of each of Terry's objections is that the Magistrate Judge and ALJ cannot "rely[] solely on a conflict between the objective medical evidence and the claimant's testimony as a basis for a negative credibility finding." *Schmidt v. Barnhart*, 395 F.3d 737, 746-47 (7th Cir. 2005).

However, in "evaluating a claimant's subjective complaints of pain, the ALJ must first determine whether the pain alleged is substantiated by objective medical evidence." *Luna v. Shalala*, 22 F.3d 687, 691 (7th Cir. 1994). "If the allegation of pain is not supported by the objective medical evidence in the file and the claimant indicates that pain is a significant factor of his or her alleged inability to work, then the ALJ must obtain detailed descriptions of claimant's daily activities by directing specific inquiries about the pain

8

and its effects to the claimant." *Id.* The ALJ must "investigate all avenues presented that relate to pain, including information and observations by treating physicians, examining physicians, and third parties. *Id.* "Factors that must be considered include the nature and intensity of claimant's pain, precipitation and aggravating factors, dosage and effectiveness of any pain medications, other treatment for relief of pain, functional restrictions, and the claimant's daily activities." *Id.* "Although a claimant can establish the severity of his symptoms by his own testimony, his subjective complaints need not be accepted insofar as they clash with other, objective medical evidence in the record." *Arnold v. Barnhart*, 473 F.3d 816, 823 (7th Cir. 2007) (citing *Carradine*, 360 F.3d at 764). And "[c]redibility determinations will not be overturned unless they are clearly incorrect." *Id.* "As long as the ALJ's decision is supported by substantial and convincing evidence, it deserves this court's deference." *Sims v. Barnhart,* 442 F.3d 536, 537 (7th Cir. 2006).

Here, the Magistrate Judge determined that the ALJ sufficiently investigated Terry's complaints and reasonably concluded that Terry's subjective statements exceeded what could be supported by the record. Plaintiffs bear the burden of "producing medical evidence" establishing "limitations beyond those the ALJ found." *Gedatus v. Saul*, 994 F.3d 893, 905 (7th Cir. 2021). Terry has identified no evidence, beyond his own subjective complaints, to establish that he experienced greater functional loss than the ALJ determined.

Having reviewed *de novo* the Magistrate Judge's analysis and conclusions, we hold, for the same reasons set forth in her report, with which we entirely concur and hereby

9

adopt, both as to the cited authorities and related analysis, that none of the assignments of error raised by Terry meets the standard required to justify remand. Accordingly, Terry's objections to the Report and Recommendation of the Magistrate Judge lack merit and his objections are **OVERRULED**. The recommendations set forth in the Magistrate Judge's Report and Recommendation [Docket No. 16] are hereby **ADOPTED** in their entirety. Final judgment shall enter in favor of Defendant and against Plaintiff.

   IT IS SO ORDERED.

   Date:   9/14/2022

_(signature)_ Sarah Evans Barker

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Lu Han
SOCIAL SECURITY ADMINISTRATION
lu.han@ssa.gov

Jane Kuczek
Social Security Administration
jane.kuczek@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

Kirsten Elaine Wold
Hankey Law Office
kwold@hankeylaw.com